UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jerome Deon Nunn,<br><br>    Petitioner,<br><br>v.<br><br>Steve Hammer,<br><br>    Respondent. | Case No. 16-cv-2693 (SRN/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the undersigned United States Magistrate Judge on petitioner Jerome Deon Nunn's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Nunn's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Nunn's petition.

  Nunn, a state prisoner, was found guilty of first-degree murder and attempted first-degree murder after a jury trial. (Pet. at 1 [Doc. No. 1].) The conviction and sentence were affirmed by the Minnesota Supreme Court on April 10, 1997. *See State v. Nunn*, 561 N.W.2d 902 (Minn. 1997). Nunn did not file a petition for a writ of certiorari with the United States Supreme Court.

Nunn raises ten claims in his federal habeas petition. An in-depth analysis of the merits of those claims is unnecessary, though, because Nunn's petition is plainly barred by the relevant statute of limitations. Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The final three of those provisions are inapplicable to this case, as (1) there was never any impediment to Nunn filing a habeas petition previously; (2) Nunn is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court; and (3) Nunn's claims are not predicated on any new factual discovery.

2

Under § 2244(d)(1)(A), then, Nunn was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." As stated above, the Minnesota Supreme Court affirmed Nunn's conviction on April 10, 1997. Nunn then had 90 days in which to seek review by the United States Supreme Court. Because Nunn did not file a petition for a writ of certiorari, the time for seeking direct review of his conviction expired 90 days after the Minnesota Supreme Court's decision, which was July 9, 1997. *See Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Pursuant to § 2244(d)(1)(A), Nunn was required to file his federal habeas petition within one year of that date. Nunn's pending habeas petition is over 18 years too late.[1]

Nunn does not bring up the limitations issue directly, but he does argue that the Antiterrorism and Effective Death Penalty Act ("AEDPA"), of which the relevant statute of limitations is a part, should not apply to his case, because his conviction became final before the effective date of that statute. He is mistaken on two grounds. First, AEDPA was already in effect at the time his criminal judgment became final. *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (noting that AEDPA was enacted on

---

[1] Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Nunn has submitted multiple post-conviction petitions in state court, but the first was not filed until August 1, 2007. [*See* Doc. No. 4 at 5.] The limitations period had already long expired by that time. *See Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (explaining that § 2244(d)(2) only pauses, not restarts, the one-year clock).

3

April 24, 1996). Second, even if AEDPA had not been in effect at the time Nunn's conviction became final, the limitations period is not waived for petitioners whose convictions became final before the effective date of AEDPA. Instead, petitioners were given one year from the effective date of AEDPA in which to file their federal habeas petitions. *Id*. That grace period ended on April 24, 1997. *Id*.

  Because it is clear on the face of Nunn's habeas petition and the relevant state-court records that Nunn's petition is barred by the statute of limitations, this Court recommends that the petition be denied. Only one matter merits further comment. A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Nunn's current habeas corpus petition differently than it is being treated here. It is therefore recommended that Nunn should not be granted a COA in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Jerome Deon Nunn's petition for a writ of habeas corpus [Doc. No. 1] be **DENIED**.

2. This action be **DISMISSED**.

3. No certificate of appealability be issued.

Dated: August 29, 2016         *s/Hildy Bowbeer*
                               HILDY BOWBEER
                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.