UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jerome Deon Nunn,<br><br>        Petitioner,<br><br>v.<br><br>Steve Hammer,<br><br>        Respondent. | Case No. 16-cv-2693 (SRN/HB)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Jerome Deon Nunn, Bayport, MN, pro se.

James B. Early, Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, and Jean E. Burdorf, Hennepin County Attorney's Office, 300 South Sixth Street, Suite A-2000, Minneapolis, MN 55487, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner Jerome Deon Nunn's Objections [Doc. No. 10] to United States Magistrate Judge Hildy Bowbeer's Report and Recommendation ("R&R"), dated August 29, 2016 [Doc. No. 9].  The magistrate judge recommended that Nunn's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] ("Habeas Pet.") be denied, and the action be dismissed.

Pursuant to statute, this Court reviews de novo any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or

modify, in whole or in part, the findings or recommendations" contained in that opinion. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b)(3). Based on that de novo review, and for the reasons set forth below, the Court overrules Petitioner's objections and adopts the R&R in its entirety.

## II.     BACKGROUND

Nunn was convicted of first-degree murder and attempted first-degree murder in December 1995, following a jury trial. As punishment for those crimes, the state district court for Hennepin County, Minnesota, sentenced him to consecutive terms of life imprisonment with the possibility of release, and fifteen years' imprisonment. (Habeas Pet. at 2.) Both the conviction and sentence were affirmed by the Minnesota Supreme Court on April 10, 1997, and Nunn did not subsequently file a petition for writ of certiorari with the United States Supreme Court. (*Id.* at 3-4.) He is currently serving his sentence at the Minnesota Correctional Facility in Bayport. (*Id.* at 2.)

After exhausting his direct appeals, Nunn has returned to the state courts on two separate occasions. First, in July 2007, Nunn petitioned for postconviction relief, arguing that he had received ineffective assistance of counsel and that the prosecutor had committed prejudicial misconduct at trial. (*Id.* at 4.) Nunn's petition was denied by the postconviction court, and the Minnesota Supreme Court affirmed. *See Nunn v. State*, 753 N.W.2d 657 (Minn. 2008). Seven years later, Nunn filed a motion to correct his sentence pursuant to Minn. R. Crim. P. 27.03, subd. 9, arguing variously that the consecutive nature of his sentence violated Minnesota sentencing guidelines, and that the length of his sentence reflected unlawful discrimination in violation of his Fourteenth Amendment

Equal Protection rights. (Habeas Pet. at 5.) This motion was also denied by the postconviction court, and that decision was also affirmed on appeal. *See Nunn v. State*, 868 N.W.2d 230 (Minn. 2015).

On August 10, 2016, Nunn filed this habeas corpus petition, pursuant to 28 U.S.C. § 2254. His petition sets forth ten separate grounds for relief, which may generally be grouped into three broad categories: (1) that the imposition of consecutive sentences for crimes arising from the same incident was in violation of federal and state constitutional and statutory limitations; (2) that the length of the sentences was the product of a violation of the Fourteenth Amendment; and (3) that the Minnesota Supreme Court abused its judicial discretion by failing to consider various arguments raised on collateral appeal, in violation of due process and other rights guaranteed by the U.S. Constitution. (*See generally* Ex. re Pet. for Writ of Habeas Corpus [Doc. No. 3].)

Pursuant to statute and the local rules of this court, Nunn's petition was first referred to the magistrate judge for review. *See* 28 U.S.C. § 636; D. Minn. L.R. 72.1. The R&R submitted to this Court did not consider the merits of Nunn's claims, however, because the magistrate judge concluded as a threshold matter that the petition was "plainly barred by the relevant statute of limitations." (R&R at 2.) Specifically, Judge Bowbeer noted that under 28 U.S.C. § 2244(d)(1)(A), Nunn was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."[1]

---

[1] 28 U.S.C. § 2244(d)(1) provides three other bases for determining when the 1-year limitations period for § 2254 petitions begins to run. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

3

In Nunn's case, the magistrate judge concluded that this meant any petition needed to have been filed within one year of July 9, 1997. (*Id.*)  Because the pending petition was not filed until this year, the court concluded it was time-barred, and recommended dismissal. (*Id.* at 3-4.)

Nunn filed timely objections to the R&R on September 12, 2016, triggering this de novo review.

### III.   DISCUSSION

Nunn's first objects to the magistrate judge's conclusion that the one-year limitations' period set forth in 28 U.S.C. § 2244(d)(1)(A) has run. (*See* Obj. to R&R at 1-2.)  While he does not dispute that nineteen years have passed between the date his right to further direct review of his conviction expired and the date he filed the present petition, he contends that, under federal and Minnesota law, a petition for collateral review "re-starts the 1 year time limit clock" contained in the statute of limitations. (*See id.* at 2-3.) In support of this claim, Nunn directs the Court's attention to 28 U.S.C. § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Because Minnesota law entitles him to collateral review of his sentence at any time, Minn. R. Crim. P. 27.03, subd. 9, Nunn contends that the limitations clock did not begin to run until September 22, 2015—the date judgment was entered on his most recent

---

The magistrate judge concluded correctly that none of these provisions were applicable to Nunn's petition, however, and declined to address them in the R&R. Nunn does not challenge that determination in his objections.

motion before the Minnesota Supreme Court. (Obj. to R&R at 2-3.) On that basis, his petition—filed on August 10, 2016—comes within the one-year limit spelled out by 28 U.S.C. § 2244(d)(1)(A), and is timely. (*Id.* at 3.)

Nunn's analysis of 28 U.S.C. § 2244(d)(2) reads more into the statutory text than is actually there, however. It is true, as he states, that so long as an application for collateral relief is before the state courts, the statute of limitations is tolled. But for this tolling provision to have any effect, some application from the petitioner must have actually been *made* in the first place. *See, e.g.*, *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007) ("To extend the limitations period, the state post-conviction application must be properly *filed*.") (emphasis added). In this case, while Minnesota law may permit Nunn to bring collateral sentencing petitions at any time, federal law still requires that those petitions be brought within one year of the date his right to direct review expires if it is to toll the habeas limitations period. Here, Nunn's first post-conviction petition was not filed until 2007—long after the limitations period had expired.

Nunn is also incorrect in his assertion that filing a petition for collateral review somehow "re-starts" the § 2244(d)(1) clock. As several courts, including this one, have previously noted, § 2244(d)(2) merely tolls the clock on the habeas limitations period—it does not in any way reset it. *See, e.g.*, *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) ("Section 2244(d)(2) only stops, but does not reset, the . . . clock from ticking and cannot revive a time period that has already expired.") (citation and quotation omitted); *Shaw v. Stillwater Prison*, No. 09-2456 (PAM/RLE), 2009 WL 5169531, at *3 n.4 (D. Minn. Dec. 18, 2009) ("The Petitioner may erroneously believe that his post-conviction

Motion did not merely toll the running of the statute, but somehow 'reset the clock,' by giving him a fresh one (1) year limitations period in which to seek Federal Habeas review. However, that is simply not the case.") (citations omitted). Supreme Court precedent cited as controlling by Nunn (*Jiminez v. Quarterman*, 555 U.S. 113, 120-21 (2009)) deals solely with issues related to direct appeals and is inapposite here. Judge Bowbeer thus did not err in determining that because Nunn did not file a petition for writ of certiorari with the United States Supreme Court, the one-year period for filing a habeas petition pursuant to 28 U.S.C. § 2254 commenced on July 9, 1997 (ninety days after the Minnesota Supreme Court affirmed Nunn's conviction), and expired one year later. *See Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001).

Nunn's second objection contends that the magistrate judge erred in applying the current versions of 28 U.S.C. §§ 2254 and 2244, enacted April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), to his petition. (Obj. to R&R 3-4.) In particular, he argues that because AEDPA became law while his direct appeal was pending, it cannot be applied to him consistent with the Supreme Court's ruling in *Lindh v. Murphy*, 521 U.S. 320 (1997). According to Nunn, that case stands for the proposition that AEDPA "does not apply to cases pending on direct review during it's [*sic*] enactment." (Obj. to R&R at 4.)

Again, Nunn reads more into the law than is actually there. While it is true that *Lindh* held that AEDPA applied to "habeas cases only when those cases had been filed after the date of the Act['s enactment]," *Lindh*, 521 U.S. at 327, a contextual reading makes clear that the "cases" the Supreme Court was talking about were habeas

6

petitions—not the underlying criminal cases themselves. Indeed, several courts faced with the same argument have concluded as much. *See, e.g.*, *Temple v. Kaiser*, No. 99-6030, 1999 WL 824436, at *1 (10th Cir. Oct. 15, 1999) ("On appeal, [Petitioner] asserts that AEDPA does not apply to him, because his conviction became final before the effective date of the Act. However, whether AEDPA applies is dependent on the date on which the habeas petition was filed, not on the date petitioner's conviction became final. AEDPA applies to all habeas petitions filed after the date of the Act, regardless of the date of conviction."); *Robison v. Johnson*, 151 F.3d 256, 258 n.2 (5th Cir. 1998); *Palmer v. Schriro*, No. CV 08-0954-PHX-JAT (ECV), 2009 WL 1649922, at *1 (D. Ariz. June 11, 2009); *Mason v. Mitchell*, 95 F. Supp. 2d 744, 757 (N.D. Ohio 2000). Because Nunn's habeas case was filed in 2016—over twenty years after AEDPA came into effect—the provisions of that law apply fully to the analysis of his petition, and there was no error in that regard by the magistrate judge.

Nunn's third objection is not a model of clarity. As best the Court can tell, the basis for the objection appears to be that AEDPA itself is unconstitutional because it is an impermissible ex post facto law.[2] *See* U.S. Const. art. I, § 9, cl. 3; § 10, cl. 1. Courts have squarely rejected similar claims relating to AEDPA in the past. *See, e.g.*, *Verikokidis v. Galetka*, 42 F. App'x 311, 312 (10th Cir. 2002); *Libby v. Magnusson*, 177 F.3d 43, 46-47 (1st Cir. 1999); *Neelley v. Nagle*, 138 F.3d 917, 921 (11th Cir. 1998). In any event, because this argument was not previously raised before the magistrate judge,

---

[2] Nunn also appears to argue that AEDPA violates something he terms the "grandfather clause." (*See* Obj. to R&R at 4.) No such clause appears in the Constitution, however, and the Court is unsure how else to construe this claim.

the Court will not address it here for the first time. *See Munt v. Larson*, No. 15-cv-0582 (SRN/SER), 2015 WL 5673108, at *14 (D. Minn. Sept. 23, 2015) ("New claims or arguments, presented for the first time in the objections to an R&R, will not be reviewed."); *see also Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006).

The final objection to the R&R contends that the magistrate judge abused her discretion by failing to consider Nunn's motion for an evidentiary hearing [Doc. No. 2]. It is true that the R&R makes no mention of the motion—presumably Judge Bowbeer concluded, as the Court must also conclude, that discussion of an evidentiary hearing would be fruitless where the underlying petition was time-barred. Because Nunn's motion seeks no evidence that might alter this Court's conclusion that his petition cannot proceed in the face of the relevant limitations period (e.g. evidence making equitable tolling appropriate),³ the Court is constrained to deny his motion for an evidentiary hearing. *Cf. Houston v. Alabama*, No. 2:14-cv-02344-SLB-SGC, 2016 WL 927019, at *1 (N.D. Ala. Mar. 11, 2016); *Jones v. Ryan*, No. CV-13-01405-PHX-SPL, 2015 WL

---

³ The Supreme Court has determined that, in addition to the statutory tolling provision found in 28 U.S.C. § 2244(d)(2), the one-year limitations period applicable to § 2254 habeas petitions can be equitably tolled in certain extraordinary circumstances. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Generally, a petitioner seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way to prevent timely filing of the habeas petition. *Pace*, 544 U.S. at 408. In this matter, Nunn has presented no evidence showing the existence of either element during the ten year lapse between the decision in his direct appeal and his first petition for postconviction relief.

6584650, at *4 (D. Ariz. Oct. 30, 2015); *Carter v. MacLaren*, No. 2:12-cv-160, 2012 WL 1611255, at *1, 8-9 (W.D. Mich. May 8, 2012); *Kelly v. Bergh*, No. 2:06-CV-13259, 2008 WL 4104093, at *1 (E.D. Mich. Aug. 28, 2008).

## IV.   ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections to the Magistrate Judge's August 29, 2016 Report and Recommendation [Doc. No. 10] are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 9];

3. Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] is **DENIED**;

4. Petitioner's Motion for Evidentiary Hearing [Doc. No. 2] is **DENIED**;

5. This action is **DISMISSED** with prejudice; and

6. The Court will **NOT** issue a Certificate of Appealability in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 28, 2016            s/Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States District Judge