UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JEROME DEON NUNN,                           Case No. 16-CV-2693 (SRN/HB)

        Petitioner,

                                    ORDER

v.

STEVE HAMMER,

        Respondent.

---

On September 28, 2016, the Court denied petitioner Jerome Deon Nun's petition for a writ of habeas corpus governed by 28 U.S.C. § 2254. *See* Doc. No. 12. Judgment was entered the following day. *See* Doc. No. 13. This matter is now before the Court on two motions from Nunn. First, Nunn requests additional time in which to file a notice of appeal. *See* Doc. No. 15. Second, Nunn requests *in forma pauperis* ("IFP") status on his forthcoming appeal. *See* Doc. No. 16. Both motions will be granted.

With respect to Nunn's motion for an extension of time to file a notice of appeal: Federal Rule of Appellate Procedure 4(a)(5)(A) provides that a "district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Nunn timely requested the extension, as the period for filing a notice of appeal had not expired when Nunn submitted his request. *See* Fed. R. App. P. 4(a)(1)(A). Moreover, Nunn has shown

good cause for the request — he alleges that he was recently transferred to a different correctional facility, that his receipt of the Court's order denying his habeas corpus petition was therefore delayed, and that he will need additional time in which to prepare his appeal materials. The Court finds that these allegations are sufficient to satisfy Rule 4(a)(5)(A)(ii) and will therefore grant Nunn's request for an extension of time. Nunn will be given until November 23, 2016 to file his notice of appeal. *See* Fed. R. App. P. 4(a)(5)(C).

With respect to Nunn's request for IFP status on appeal: The Court has reviewed the IFP application and concludes that Nunn qualifies financially for IFP status. Moreover, although a litigant may proceed IFP only if his appeal is taken in good faith, and although the Court has declined to issue a COA, "[t]he standard for granting an application for leave to proceed *in forma pauperis* . . . is a lower standard than the standard for certificates of appealability." *Moore v. Haas*, Civil No. 2:13-CV-12225, 2013 WL 5819593, at *6 (E.D. Mich. Oct. 29, 2013); *accord United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997). The Court continues to believe that the habeas petition was properly denied, but Nunn's appeal is not frivolous as the Supreme Court has defined that term. Accordingly, the IFP application is granted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Jerome Deon Nunn's motion for extension of time to file a notice of appeal [Doc. No. 15] is GRANTED. Nunn may file his notice of appeal by no later than November 23, 2016.

2. Nunn's motion for *in forma pauperis* status on appeal [Doc. No. 16] is GRANTED.

Dated: October 24, 2016

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge